**Dismissed and Opinion Filed June 25, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00287-CV**

**IN THE INTEREST OF T.Y., A CHILD**

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-17-00341-W**

## MEMORANDUM OPINION
Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Fillmore

Following a bench trial, the trial court signed an order terminating Mother's parental rights to T.Y. and appointing the Department of Family and Protective Services (the Department) as T.Y.'s permanent managing conservator.[1] Mother couches her sole issue on appeal as a challenge to the legal and factual sufficiency of the evidence to support the trial court's finding that termination of Mother's parental rights was in the best interest of T.Y. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)–(2) (West Supp. 2017) (court may terminate parent–child relationship if it finds by clear and convincing evidence (1) one or more statutory grounds for termination and (2) that termination is in the child's best interest). Mother, however, substantively argues only that it was

---

[1] The trial court also signed an order of non-parentage as to Mother's husband and terminated the parental rights of an individual named by Mother as the possible biological father of T.Y. and of any unknown father of T.Y.

in T.Y.'s best interest for Cousin,[2] rather than the Department, to be appointed permanent managing conservator.

An order terminating a parent's rights to a child divests the parent and child of all legal rights and duties with respect to each other except the child's right to inherit from and through the parent. TEX. FAM. CODE ANN. § 161.206(b) (West Supp. 2017). Mother does not appeal the trial court's ruling regarding the grounds for termination or its finding that termination of the parent–child relationship is in the best interest of T.Y. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)–(2). Therefore, the trial court's rulings are binding on Mother. *See In re A.N.A.*, No. 05-18-00169-CV, 2018 WL 2228624, at *1 (Tex. App.—Dallas May 16, 2018, no pet. h.) (mem. op.); *In re A.G.*, No. 05-16-01207-CV, 2017 WL 655954, at *1 (Tex. App.—Dallas Feb. 17, 2017, pet. denied) (mem. op.). Upon the termination of the parent–child relationship between Mother and T.Y., Mother lost all legal rights with respect to T.Y. *See* TEX. FAM. CODE ANN. § 161.206(b). Consequently, Mother does not have standing to challenge the portion of the trial court's order appointing the Department, not Cousin, as T.Y's managing conservator. *See In re A.N.A.*, 2018 WL 2228624, at *1; *In re A.G.*, 2017 WL 655954, at *1.

Because Mother does not have standing to challenge the appointment of the Department as permanent managing conservator of T.Y., or the failure to appoint Cousin as T.Y.'s permanent managing conservator, we do not have subject matter jurisdiction over her claim. Accordingly, we dismiss this appeal.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

180287F.P05

---

[2] The evidence showed this individual was Mother's father's cousin's daughter.

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF T.Y., A CHILD

No. 05-18-00287-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas,
Trial Court Cause No. JC-17-00341-W.
Opinion delivered by Justice Fillmore, Justices Lang and Schenck participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee the Texas Department of Family and Protective Services recover its costs of this appeal from appellant Shaniqwa Monique Nnorodim.

Judgment entered June 25, 2018.